IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**TRAVIS GLENN SMITH,**

      **Petitioner,**

v.                                                           **Case No. 1:19-cv-00216**

**BARBARA RICKARD, Warden,**
**FCI McDowell,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's request for dismissal contained in her Response to Order. (ECF No. 9). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned respectfully **RECOMMENDS** that Respondent's request for dismissal, (ECF No. 9), be **GRANTED;** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** and that this action be **DISMISSED** and removed from the docket of the court.

**I.**    **Relevant History**

On May 27, 2015, Petitioner Travis Glenn Smith ("Smith") was indicted by a federal grand jury in the United States District Court for the Eastern District of Tennessee (the

"Sentencing Court") on one count of forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a United States Postal Service carrier, inflicting bodily injury while the carrier was engaged in the performance of his official duties, in violation of 18 U.S.C. §§ 111(a)(1) and (b). *United States v. Smith*, Case No. 1:15-cr-00059 (E.D. Tenn. May 27, 2015), at ECF No. 1. On August 5, 2015, Smith filed a Notice of Intent to Enter a Plea, and one week later, both Smith and the United States filed a Factual Basis for Smith's anticipated guilty plea. (ECF Nos. 13, 14, 15). In the Factual Basis filed by Smith, he agreed and stipulated to the following relevant facts:

On May 9, 2015, Smith flagged down the victim, Walter Lawrence, who worked as a mail carrier for the United States Postal Service ("USPS"). *Id.*, at ECF No. 15. Mr. Lawrence was driving his postal vehicle and was delivering mail. Smith, who was angry because Mr. Lawrence had not delivered a package Smith was expecting, confronted Mr. Lawrence about the matter. Mr. Lawrence explained that he had bypassed Smith's house, because Smith's dog was not secured and was running loose in the front yard. *Id.* Mr. Lawrence indicated that Smith was required to have a curbside mailbox. Smith began screaming at Mr. Lawrence, calling him a liar. In response, Mr. Lawrence reached for a form discussing the mailbox requirement. While Mr. Lawrence was retrieving the form, Smith attacked him, punching Mr. Lawrence in the side of the head three times. *Id.* Mr. Lawrence managed to drive away and went a short distance to the post office, where a manager saw Mr. Lawrence and drove him to the hospital.

USPS agents began investigating the assault. *Id.* A woman standing across the street at the time of Smith's attack witnessed the entire exchange and provided her account to the USPS agents. The witness confirmed that Smith attacked Mr. Lawrence, punching him at least three times. Mr. Lawrence later corroborated the witness account

of his assault by Smith. *United States v. Smith*, Case No. 1:15-cr-00059, at ECF No. 15. Mr. Lawrence suffered fractured facial bones, a black eye, and a cut lip requiring stitches. At the time of the investigation, Mr. Lawrence was scheduled to see a plastic surgeon and had been informed that he might lose sight in his right eye. *Id.* Months later, when the Factual Basis was filed, Smith acknowledged that Mr. Lawrence was still experiencing double vision in his right eye, headaches and shooting pain in his head, pain and numbness in his face and teeth in the area where he was hit, and also above his temple near a metal plate that had been inserted to treat the fractures inflicted by Smith. Mr. Lawrence was restricted from driving due to his double vision, which his physician feared might be permanent. *Id.*

Smith's guilty plea to the charge in the indictment was accepted on November 23, 2015, after a finding was made that he was fully capable and competent to enter an informed plea; that the plea was made knowingly and with full understanding of each of the rights waived; that the plea was made voluntarily and free from force, threats, or promises; that the defendant understood the nature of the charge and the associated penalties; and that the plea had a sufficient basis in fact. *Id.,* at ECF Nos. 20, 21. On September 21, 2016, the Sentencing Court entered a judgment, imposing a sentence on Smith of seventy-months' imprisonment, followed by three years of supervised release. *Id.* at 34. Smith did not appeal his conviction and sentence, or file a Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. Instead, Smith filed the instant § 2241 habeas petition on March 25, 2019. (ECF No. 1).

In his habeas petition, Smith raises two challenges to his conviction and sentence. First, he argues that the Sentencing Court erred by accepting his plea of guilty to 18 U.S.C. § 111(b). (*Id.* at 3). Smith asserts that he was wrongfully convicted of violating that

3

statutory provision, because it requires, as an element of the offense, that the defendant use a deadly weapon to inflict bodily injury. (ECF No. 1 at 3-5). Smith denies that he used a deadly weapon when he attacked Mr. Lawrence. He argues that, consequently, he should not have been found guilty of the "aggravated felony" offense contained in subsection (b).

Second, Smith contends that his "conviction for assault no longer qualifies as a crime of violence." (*Id.* at 7). Relying on various decisions by the Supreme Court of the United States ("Supreme Court'), Smith reasons that since "[a]ssault reaches any unlawful touching, whether violent or non-violent and no matter how slight," convictions pursuant to 18 U.S.C. § 111(a), *et seq.*, are not crimes of violence under the United States Sentencing Guidelines ("USSG") § 4B1.2(a). (*Id.* at 8). He asserts that the Sentencing Court's use of the "modified categorical approach" to support Smith's sentence enhancement was in error. (*Id.*). Smith claims that the decision of the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") in *United States v. Wheeler* provides him with a gateway to raise his claims in a petition under § 2241. (*Id.* at 9).

On April 9, 2019, the undersigned issued a Show Cause Order, instructing Respondent to answer the petition. (ECF No. 6). Respondent filed her memorandum in opposition to the habeas petition on June 7, 2019, asking the Court to dismiss the petition. (ECF No. 9). In support of dismissal, Respondent argues that Smith's petition is nothing more than an incorrectly-designated § 2255 motion, which is procedurally barred as untimely. (*Id.* at 3). Respondent asserts that Smith does not qualify for review under the savings clause exception to § 2255, even if he can show that his status as a career offender was later invalidated. (*Id.* at 4). As such, this Court lacks jurisdiction over the petition. Finally, Respondent contends that Smith's petition should be dismissed, rather than transferred to the Sentencing Court, because it is meritless. (*Id.* at 7).

On July 18, 2019, Smith submitted a Counter Argument to Government's Opposition to the 28 U.S.C. § 2241. (ECF No. 11). Smith indicates that he is challenging his "fundamentally defective" sentence "because an 'increase in the congressionally mandated sentencing floor implicates separation of powers, principles and due process rights fundamentally [sic] to our justice system.'" (*Id.*). Smith claims that, similar to the *Wheeler* case, the Sentencing Court in his case applied the wrong sentence range when imposing its judgment. (*Id.*).

## II.  **Standard of Review**

Respondent does not identify the standard under which it seeks dismissal of Smith's petition. However, as the motion to dismiss was filed concurrently with the Response to Order, the motion to dismiss should be treated as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, whether the Court construes the motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the distinction makes no practical difference as the same standard of review applies to either motion, and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice

or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id*. The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III.   Discussion

Despite the title he affixes to his petition, Smith unequivocally challenges the validity of his conviction and sentence, rather than the execution of his sentence. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal conviction and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Davis v. Rickard,* No. 1:18-01192, 2019 WL 4780814, at *2 (S.D.W. Va. Sept. 30, 2019).

Nonetheless, Smith argues that his petition is properly brought under § 2241, because he qualifies for the "savings clause" exception to § 2255. The "savings clause" is found in the last sentence of § 2255(e), as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is

6

> authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). As indicated, the savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion when § 2255 is "inadequate or ineffective." However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000); *also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) . ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion.") Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following elements: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000).

With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive

7

motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). In *Wheeler,* the Fourth Circuit confirmed that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court lacks subject matter jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 F. App'x. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd,* 573 Fed.Appx. 268 (4th Cir. 2014). "If a petitioner cannot meet the savings clause requirements, then a § 2241 petition 'must be dismissed for lack of jurisdiction.'" *Minott v. Bragg*, No. 0:18-CV-02561-TMC, 2019 WL 1723600, at *2 (D.S.C. Apr. 18, 2019), *aff'd,* 777 F. App'x 685 (4th Cir. 2019) (citing *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)).

### A. The Validity of Smith's Guilty Plea

Smith claims that the Sentencing Court erred in accepting his plea of guilty to a violation of 18 U.S.C. § 111(b), because his criminal behavior did not meet all of the elements of an offense under that statutory provision. Even if Smith were correct—which he undoubtedly is not—he is precluded from bringing his claim in this Court, as he has not satisfied the requirements of *In re Jones*. Smith does not point to any substantive change in the law such that the conduct of which he was convicted is now deemed not to be criminal. To the contrary, his argument is that he should never have been convicted of the "aggravated" crime in the first place, because he was factually innocent.

In particular, Smith believes that, in order to be subjected to the enhanced penalty

set forth in § 111(b), he must have used a deadly weapon during his attack of Mr. Lawrence. However, that clearly is not how the statute reads. Section 111(b) states that the enhanced penalty is applied whenever the defendant uses a deadly weapon, **or** inflicts bodily injury during the commission of the acts described in § 111(a). 18 U.S.C. § 111(b). It is an "either/or" scenario. As such, Smith did not need to use a deadly weapon to violate § 111(b); he only had to inflict bodily injury on Mr. Lawrence, which Smith freely admits to having done. Thus, Smith's petition is based upon an incorrect reading of the plain language of 18 U.S.C. § 111(b). Notwithstanding that the petition is meritless, if Smith wanted to raise the claim, he should have done so on direct appeal, or under § 2255, because the claim does not meet the criteria set forth in the savings clause. *See e.g. Farrow v. Revell,* 541 F. App'x 327, 328-29 (4th Cir. 2013) (holding that an actual innocence claim may satisfy the savings clause exception when it meets the requirements of *In re Jones*); *Santillana v. Collins*, No. 5:14-CV-12474, 2015 WL 852328, at *4 (S.D.W. Va. Jan. 14, 2015), *report and recommendation adopted*, No. 5:14-CV-12474, 2015 WL 852335 (S.D.W. Va. Feb. 26, 2015) (actual innocence claim should be brought under § 2255, rather than § 2241, where petitioner argued that he was mistakenly found guilty, not that an intervening change of law made him innocent).

Therefore, the undersigned **FINDS** that this Court lacks jurisdiction to consider Smith's claim that his guilty plea should not have been accepted by the Sentencing Court.

### B. Sentence Enhancement

Smith contends that his sentence was enhanced under USSG § 4B1.1 and argues that the enhancement was improper because his crime of conviction no longer qualifies as a "crime of violence" when using the categorical approach to examine the underlying statute. This claim by Smith is likewise entirely without merit, because (1) his premise for

9

the claim is factually incorrect, and (2) Smith has applied legal principles that are wholly inapplicable to his case. The record demonstrates that Smith was ***not*** sentenced as a career offender and did not receive a sentencing enhancement under USSG 4B1.1. (ECF Nos. 15, 15-1 at 7). Instead, Smith's sentence was imposed based upon his crime of conviction and the advisory guidelines related to that conviction. Smith pleaded guilty to a violation of 18 U.S.C. §§ 111(a)(1) and 111(b). Title 18 U.S.C. § 111 provides as follows:

> **(a) In general.**--Whoever—
>
> **(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
>
> **(2)** forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.
>
> **(b) Enhanced penalty.**--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) **or** inflicts bodily injury**,** shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111. Clearly, the statutory penalty associated with Smith's conviction includes a sentence of up to twenty years' (240 months) imprisonment. The Sentencing Court imposed a sentence of 70 months' imprisonment. Accordingly, Smith's sentence fell well within the statutory range and, contrary to Smith's argument, did not run afoul of a "congressionally mandated sentence floor."

Examining Smith's sentence from the perspective of the USSG, the undersigned finds that the sentence similarly fell well within the advisory guidelines range. Under

USSG § 2A2.2, Smith received a base offense level of 14. (ECF No. 15-1 at 6). An additional seven levels were added, because Smith inflicted a permanent or life threatening injury during his attack of Mr. Lawrence, and another two levels were added because Smith was convicted of violating § 111(b). (ECF No. 15-1 at 7). Smith received an extra six level increase under USSG § 3A1.2(b), because he assaulted a government employee, the attack was motivated by the employee's status, and Smith was convicted of a violation of § 111(b). (*Id.*). In total, after accounting for acceptance of responsibility, Smith's offense level was 26. (*Id.*) He had a criminal history category of I, which corresponded to a guidelines sentence range of 63-78 months' imprisonment. USSG Sentencing Table (Nov. 2015). Accordingly, Smith's 70-month sentence landed in the mid-range of the guidelines sentence. It was not enhanced under the career offender guidelines. (*Id.*)

As the sentence calculation confirms, Smith fails to satisfy the criteria of *United States v. Wheeler*, which he is required to meet in order to challenge his sentence in this Court. In his brief, Smith discusses a series of Supreme Court decisions that address sentence enhancements, but none of the decisions has even a remote application to Smith's case. The cases cited by Smith address how district courts determine whether ***prior*** convictions are properly used to support certain career criminal enhancements. Smith does not point to any predicate offenses that were used in his case to enhance his sentence. Indeed, no career offender or armed career criminal sentence enhancements were applied, and no prior convictions were used to calculate Smith's sentence range. Instead, Smith received a sentence within the enhanced statutory penalty and USSG guidelines commensurate with the brutality of his crime of conviction.

Apart from the decisions discussing career criminal/offender enhancements, Smith provides no legal support for his claim; he certainly presents no precedent

11

establishing that subsequent to his direct appeal and first § 2255 motion, settled substantive law changed, rendering his sentence invalid. Although entirely irrelevant, to the extent Smith argues that his crime of conviction is not a violent felony, he is incorrect. Both the Fourth Circuit and the United States Court of Appeals for the Sixth Circuit have found that a violation of 18 U.S.C. § 111(b) is a crime of violence. *See United States v. Rafidi,* 829 F.3d 437, 446 (6th Cir. 2016); *United States v. Hopkins,* 310 F.3d 145, 154 (4th Cir. 2002).

Therefore, the undersigned **FINDS** that this Court lacks jurisdiction over Smith's claim that his sentence was improperly enhanced under the career offender guidelines.

### *C. The Petition as a § 2255 Motion*

Inasmuch as Smith's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Smith's case, he will be required to pursue his claim by filing a § 2255 motion in the United States District Court for the Eastern District of Tennessee. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition, *see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

As an alternative to dismissal, the Court may transfer Smith's petition to a proper court in order to cure the "want of jurisdiction" in this district. *See* 28 U.S.C. § 1631. The decision to transfer the case, rather than to dismiss it, depends upon whether a transfer would be "in the interest of justice." *Id. "*A compelling reason for transfer" is that the petitioner's case would be time-barred if it "is dismissed and thus has to be filed anew in

12

the right court." *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). "At the same time, there is no reason to raise false hopes and waste judicial resources by transferring a case that is clearly doomed, for example because the statute of limitations had already run when the case was initially filed. A court is authorized to consider the consequences of transfer before deciding whether to transfer; that is implicit in the statute's grant of authority to make such a decision and implies in turn that the court can take a peek at the merits, since whether or not the suit has any possible merit bears significantly on whether the court should transfer or dismiss it." *Id.* at 610–11. (citations omitted); *also United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips*, 173 F.3d at 610–11) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources).

In this case, Smith filed his motion more than two years after expiration of the limitations period allowed by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f). The AEDPA provides that a § 2255 motion must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Smith's judgment of conviction was entered on September 29, 2016. Under Rule 4(b) of the Federal Rules of Appellate Procedure, Smith had 14 days to file a

notice of appeal, but he declined to do so. Therefore, his judgment of conviction became final in mid-October 2016, upon the expiration of the appeal period. Smith had one year, or until October 2017, in which to file a § 2255 motion. Smith does not identify any impediment to filing a motion, nor does his claim rely upon a right newly recognized by the Supreme Court, or on facts that were not already known at the time of his conviction and sentence. Therefore, his 2019 petition was filed well after the one-year period.

Moreover, as explained above, Smith's claims lack merit. The challenge to his guilty plea is based on his misreading of the relevant statute, and the challenge to his sentence relies entirely on a misunderstanding of how his sentence was calculated.

Given that Smith's petition, if construed as a motion under § 2255, would be both untimely and frivolous, the undersigned **FINDS** that transfer to the Eastern District of Tennessee would not be in the interest of justice. Therefore, Smith's petition should be dismissed.

### III. <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's request for dismissal, (ECF No. 9), be **GRANTED;** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** and that this action be **DISMISSED** and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Judge and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** May 15, 2020

Cheryl A. Eifert
United States Magistrate Judge